## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

CAR-FRESHNER CORPORATION

and

JULIUS SÄMAAN LTD.,

                Plaintiffs,

v.

DIRECTV, INC.,

                Defendant.

Case No.  7: 10-CV-950 (GTS/GHL)

**DEFENDANT DIRECTV, INC.'S**
**ANSWER TO COMPLAINT**

Defendant DIRECTV, Inc. (hereinafter "DIRECTV"), by and through its attorneys, Kirkland & Ellis LLP, hereby answers the Complaint of Plaintiffs Car-Freshner Corporation and Julius Sämaan Ltd. (collectively, "Plaintiffs"), in this action, dated August 5, 2010, as follows:

### JURISDICTION AND VENUE

1.      States that the allegations contained in ¶ 1 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that Plaintiffs have purported to assert claims based on Section 32 of the Lanham Act, 15 U.S.C. § 1114, Sections 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), Sections 349 and 360-1 of the New York General Business Law, and the common law of the State of New York, but denies the merits and sufficiency of the claims asserted in the Complaint, and further admits that this Court has subject matter jurisdiction over Plaintiffs' claims.

2.      States that the allegations contained in ¶ 2 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, admits that venue is proper in this judicial district.

## PARTIES

3.      Denies knowledge or information sufficient to form a belief as to the

allegations contained in ¶ 3 of the Complaint and therefore denies the same.

4.      Denies knowledge or information sufficient to form a belief as to the

allegations contained in ¶ 4 of the Complaint and therefore denies the same.

5.      Denies the allegations contained in ¶ 5 of the Complaint, except admits

that DIRECTV is a California corporation with offices located at 2230 E. Imperial Highway, El

Segundo, California 90245.

6.      Denies the allegations contained in ¶ 6 of the Complaint, except admits

that DIRECTV has done, and continues to do, business in the State of New York and in this

District.

## PLAINTIFFS' BUSINESS AND TRADEMARKS

7.      Denies knowledge or information sufficient to form a belief as to the

allegations contained in ¶ 7 of the Complaint and therefore denies the same.

8.      Denies knowledge or information sufficient to form a belief as to the

allegations contained in ¶ 8 of the Complaint and therefore denies the same.

9.      Denies knowledge or information sufficient to form a belief as to the

allegations contained in ¶ 9 of the Complaint and therefore denies the same.

10.     Denies knowledge or information sufficient to form a belief as to the

allegations contained in ¶ 10 of the Complaint and therefore denies the same.

11.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 11 of the Complaint and therefore denies the same.

12.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 12 of the Complaint and therefore denies the same, except admits that the United States Patent and Trademark Office's ("PTO") online database reflects registrations for the marks shown in ¶ 12 of the Complaint bearing the registration numbers set forth in ¶ 12 of the Complaint, and further admits that for Registration No. 3,766,310 the PTO's online records reflect a registration date of March 30, 2010.

13.     States that the allegations contained in ¶ 13 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

14.     States that the allegations contained in ¶ 14 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

15.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 15 of the Complaint and therefore denies the same.

16.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 16 of the Complaint and therefore denies the same.

17.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 17 of the Complaint and therefore denies the same.

18.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 18 of the Complaint and therefore denies the same.

19.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 19 of the Complaint and therefore denies the same.

## DEFENDANT'S ACTIVITIES

20.     Denies the allegations contained in ¶ 20 of the Complaint, except admits that DIRECTV is a leading provider of digital television entertainment services to subscribers in the United States and Latin America.

21.     Denies the allegations contained in ¶ 21 of the Complaint, except admits that DIRECTV's competitors include digital media providers, cable television companies, local broadcasters, telephone companies, and wireless companies, as well as other direct broadcast satellite system operators.

22.     Denies the allegations contained in ¶ 22 of the Complaint, except admits that DIRECTV pursues a variety of promotional and marketing activities in order to attract and retain subscribers.

23.     Denies the allegations contained in ¶ 23 of the Complaint, except admits that in or about September 2009 DIRECTV contacted an entity known to it as Littletrees.com about the possibility of creating an air freshener for use in connection with a promotional campaign.

24.     Denies the allegations contained in ¶ 24 of the Complaint, except admits that DIRECTV informed Littletrees.com that it wanted to include its name, logo, and advertising text on the proposed promotional air fresheners.

25.     Denies the allegations contained in ¶ 25 of the Complaint, except admits that DIRECTV proposed using a tree-shaped air freshener that would use DIRECTV's logo and the tag line "cable stinks" together with other related text.

26.     Denies the allegations contained in ¶ 26 of the Complaint, except admits that Littletrees.com worked with DIRECTV to formulate an acceptable promotional product.

27.     Denies the allegations contained in ¶ 27 of the Complaint, except admits that DIRECTV discussed its scheduling needs with Littletrees.com in connection with the air freshener promotion, including its deadline of September 30, 2009 for getting the items to its distribution house.

28.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 28 of the Complaint and therefore denies the same.

29.     Denies the allegations contained in ¶ 29 of the Complaint, except admits that Littletrees.com was not able to meet DIRECTV's deadline.

30.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 30 of the Complaint and therefore denies the same.

31.     Denies the allegations contained in ¶ 31 of the Complaint, except admit that DIRECTV's communications with Littletrees.com ended in or about September 2009.

32.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 32 of the Complaint and therefore denies the same.

33.     Denies the allegations contained in ¶ 33 of the Complaint, except admits that DIRECTV conducted a promotional campaign in or about October 2009 that utilized generic tree-shaped air fresheners.

34.     Denies the allegations contained in ¶ 34 of the Complaint, except admits that the Complaint depicts two images of the promotional air freshener that DIRECTV used in or about October 2010.

35.     Denies the allegations contained in ¶ 35 of the Complaint.

36.      States that the allegations contained in ¶ 36 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

37.      States that the allegations contained in ¶ 37 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

38.      States that the allegations contained in ¶ 38 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

39.      States that the allegations contained in ¶ 39 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

40.      States that the allegations contained in ¶ 40 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

41.      States that the allegations contained in ¶ 41 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

42.      States that the allegations contained in ¶ 42 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

43.     States that the allegations contained in ¶ 43 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

44.     States that the allegations contained in ¶ 44 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

## CLAIMS FOR RELIEF

## CLAIM I
## INFRINGEMENT OF A REGISTERED TRADEMARK (FEDERAL)

45.     Repeats and realleges each and every response to ¶¶ 1-44 above as if fully

set forth herein.

46.     States that the allegations contained in ¶ 46 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

47.     States that the allegations contained in ¶ 47 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

48.     States that the allegations contained in ¶ 48 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

49.     States that the allegations contained in ¶ 49 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

50.     States that the allegations contained in ¶ 50 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

**CLAIM II**
**TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE**
**ADVERTISING (FEDERAL)**

51.     Repeats and realleges each and every response to ¶¶ 1-50 above as if fully

set forth herein.

52.     States that the allegations contained in ¶ 52 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

53.     States that the allegations contained in ¶ 53 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

54.     States that the allegations contained in ¶ 54 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

55.     States that the allegations contained in ¶ 55 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

56.     States that the allegations contained in ¶ 56 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

57.     States that the allegations contained in ¶ 57 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

## CLAIM III
## FEDERAL TRADEMARK DILUTION

58.     Repeats and realleges each and every response to ¶¶ 1-57 above as if fully set forth herein.

59.     States that the allegations contained in ¶ 59 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

60.     States that the allegations contained in ¶ 60 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

61.     States that the allegations contained in ¶ 61 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

62.     States that the allegations contained in ¶ 62 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

63.     States that the allegations contained in ¶ 63 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

64.     States that the allegations contained in ¶ 64 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

## CLAIM IV
## <u>VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349</u>

65.     Repeats and realleges each and every response to ¶¶ 1-64 above as if fully

set forth herein.

66.     States that the allegations contained in ¶ 66 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies knowledge or information sufficient to form a belief as to the

allegations contained in ¶ 54 of the Complaint and therefore denies the same.

67.     States that the allegations contained in ¶ 67 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

68.     States that the allegations contained in ¶ 68 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

69.     States that the allegations contained in ¶ 69 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

70.     States that the allegations contained in ¶ 70 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

## CLAIM V
## <u>VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-L</u>

71.     Repeats and realleges each and every response to ¶¶ 1-70 above as if fully set forth herein.

72.     States that the allegations contained in ¶ 72 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

73.     States that the allegations contained in ¶ 73 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

74.     States that the allegations contained in ¶ 74 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

## CLAIM VI
## <u>UNFAIR COMPETITION (COMMON LAW)</u>

75.     Repeats and realleges each and every response to ¶¶ 1-74 above as if fully set forth herein.

76.     States that the allegations contained in ¶ 76 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

77.     States that the allegations contained in ¶ 77 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

78.      States that the allegations contained in ¶ 78 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

79.      States that the allegations contained in ¶ 79 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

**CLAIM VII**
**UNJUST ENRICHMENT/QUANTUM MERUIT**

80.      Repeats and realleges each and every response to ¶¶ 1-79 above as if fully set forth herein.

81.      States that the allegations contained in ¶ 81 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same except admits that DIRECTV sought to work with Littletrees.com on a promotional air freshener product.

82.      States that the allegations contained in ¶ 82 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 82 of the Complaint and therefore denies the same.

83.      States that the allegations contained in ¶ 83 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

84.      States that the allegations contained in ¶ 84 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the same.

85.     States that the allegations contained in ¶ 85 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

86.     States that the allegations contained in ¶ 86 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

87.     States that the allegations contained in ¶ 87 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, denies the same.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

FIRST DEFENSE

88.     The Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

89.     Plaintiffs' claims are barred in whole or in part by the doctrines of

acquiescence, estoppel, laches, or unclean hands.

THIRD DEFENSE

90.     Plaintiffs' alleged marks are invalid.

FOURTH DEFENSE

91.     Plaintiffs have abandoned their alleged marks.

FIFTH DEFENSE

92.     Defendant's actions were innocent and non-willful.

SIXTH DEFENSE

93.     Plaintiff is engaged in trademark misuse in attempting to monopolize the

use of a tree design beyond the boundaries of any trademark rights it may have in such a design.

13

## PRAYER FOR RELIEF

WHEREFORE, DIRECTV respectfully request that this Court enter judgment in this action:

(a)     denying all relief sought by Plaintiffs in the Complaint;

(b)     dismissing the Complaint in its entirety with prejudice;

(c)     declaring that DIRECTV has not used, imitated, copied, counterfeited, misappropriated, diluted, reproduced, distributed, displayed, or infringed any trademark of Plaintiffs;

(d)     declaring that DIRECTV has not engaged in any infringement, unfair competition or false advertising against Plaintiffs;

(e)     declaring that DIRECTV has not engaged in any dilution of Plaintiffs' trademarks;

(f)     declaring that DIRECTV has not engaged in any deceptive acts or practices in the conduct of business, trade or commerce, or in the furnishing of services against Plaintiffs;

(g)     declaring that  DIRECTV has not engaged in any unfair competition against Plaintiff;

(h)     declaring that  DIRECTV has not been unjustly enriched, breached the principles of equity and good conscience, or received a windfall at Plaintiffs' expense;

(i)     awarding Defendant its costs, expenses, and attorneys' fees incurred in this case, including prejudgment interest; and

(j)     granting such other and further relief as the Court may deem just and proper.

14

Dated: September 14, 2010
      New York, NY

**KIRKLAND & ELLIS LLP**


By:     /s/ Claudia Ray
        Dale M. Cendali
        Claudia Ray (No. 513798)
601 Lexington Ave.
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900

Denis J. Sullivan (No. 512997)
MARJAMA MULDOON BLASIAK &
SULLIVAN LLP
250 S. Clinton Street, Suite 300
Syracuse, NY 13202
Tel.: (315) 425-9000
Fax: (315) 425-9114

*Attorneys for Defendant*
*DIRECTV, INC.*

15

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2010, I electronically filed the

foregoing DEFENDANT DIRECTV, INC.'S ANSWER TO COMPLAINT with the Clerk of the

United States District Court, Northern District of New York, using the CM/ECF system, which is

believed to have sent electronic or other notification of such filing to all counsel of record in this

case.

*/s/ Denis J. Sullivan*
Denis J. Sullivan